UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EGLON BASCOM,

                Plaintiff,

-against-

THE BROOKDALE UNIVERSITY
HOSPITAL AND MEDICAL CENTER,

                Defendant.

22-CV-2006 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action under Title VI of the Civil Rights Act of 1964 ("Title VII"). He alleges that Defendant Brookdale University Hospital and Medical Center ("Brookdale"), located in Brooklyn, discriminated against him by denying his residency application.

    For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

    Plaintiff, who identifies as "an African American medical resident physician," asserts that Brookdale "discriminated against [him] based on race by being kept by the Brookdale Hospital as a[ ] non-active unpaid employee." (ECF 2, at 5.) He also asserts that he "applied during the 2022 application cycle . . . to start in the month of November of 2021[1] as a third year medial resident[.]" (*Id.*) In connection with his residency application, he

> ha[s] sent letters to the CEO . . . and the hospital's law firm . . . asking them to release me to John's Hopkins Hospital. They have not released me as required and are still refusing to do so. This is in furtherance to the previous racial discrimination case filed in this Court (2d Circuit).

---

[1] Plaintiff likely intended to apply for the residency commencing in November 2022.

(*Id.* at 6.) Plaintiff brings this new action "asking this court to enjoin the defendants from not releasing me to Johns Hopkins Hospital[.]" (*Id.*) He also "want[s] nine hundred and fifty billion dollars . . . [and] ownership of the Hospital and all of its clinics." (*Id.*)

Plaintiff attaches to the complaint a July 9, 2018, memo issued by Brookdale's Human Resources Department, indicating that Plaintiff was employed at Brookdale from July 1, 1998 to June 30, 1999, as a medical resident and that his current status is "non active." (*Id.* at 9.) He also attaches copies of an August 23, 2021, letter addressed to Dominick Stanione, Brookdale's President and CEO, and the law firm, Jackson Lewis, asking to be released to Johns Hopkins.

According to court records maintained by the Eastern District of New York, on August 26, 2010, that court enjoined Plaintiff "from filing any new *in forma pauperis* action against Brookdale Hospital or related to his prior residency at Brookdale Hospital in this Court without first obtaining leave of Court." *Bascom v. Brookdale Hosp.*, No. 10-CV-3378 (ARR) (E.D.N.Y. Aug. 30, 2010). Subsequent to that injunction, Plaintiff filed six new actions in the Eastern District of New York, in which leave to proceed was denied. *See Bascom v. Brookdale Hosp.*, No. 1:12-MC-0386 (SLT) (E.D.N.Y. June 22, 2012); *Bascom v. Brookdale Hosp.*, No. 1:12-MC-0363 (SLT) (E.D.N.Y. June 12, 2012); *Bascom v. Brookdale Hosp.*, No. 1:12-MC-0371 (SLT) (E.D.N.Y. June 12, 2012); *Bascom v. Brookdale Hosp.*, No. 1:11-MC-0652 (SLT) (LB) (E.D.N.Y. Sept. 28, 2011); *Bascom v. Brookdale Hosp.*, No. 1:11-MC-0630 (SLT) (LB) (E.D.N.Y. Sept. 13, 2011); *Bascom v. Brookdale Hosp.*, No. 1:12-MC-0343 (SLT) (E.D.N.Y. Aug. 12, 2014).

## DISCUSSION

**A.     Venue under Title VII**

Under the venue provision for claims brought under Title VII, such claims may be brought

>in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). This District is therefore a proper venue for an action brought under Title VII regarding events that occurred in Brooklyn.

**B.     Court's authority to transfer to another venue**

Even though venue is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

The Court finds that this action should be heard in the Eastern District of New York because that court issued an injunction barring Plaintiff from suing Defendant, without obtaining prior permission to do so. By filing this action here, where leave to proceed is not required,

Plaintiff avoids this injunction. As that court issued an injunction based on Plaintiff's litigation history, this Court concludes that the action should be transferred to the Eastern District for a determination as to whether Plaintiff may proceed with this action.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

The Clerk of Court is further directed to terminate any pending motions in this action. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 2, 2022
New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge